UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimani Montoya,

    Plaintiff,

v.                                                                          Case No.: 2:21-cv-11978

Capital One, N.A.                                        Honorable Sean F. Cox

    Defendant.

_____/

## **ORDER OF DISMISSAL**

On August 25, 2021, Plaintiff filed a *pro se* civil complaint asserting subject matter jurisdiction through federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1).

After reviewing Plaintiff's complaint, the Court was not persuaded the Plaintiff had adequately alleged subject matter jurisdiction. As such, on October 20, 2021, the Court ordered Plaintiff "identify how his claim is founded upon federal law pursuant to 28 U.S.C. §1331 and/or identify Defendant's state of incorporation and principal place of business to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332." (ECF No. 5).

On November 4, 2021, Plaintiff responded and alleged "Defendants, Capital One N.A., have their primary headquarters in Virginia and were incorporated in Delaware. The Plaintiff resides in the State of Michigan. Whereby, the language of 28 U.S.C. § 1332 allows for federal jurisdiction in this matter." (ECF No. 7).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Upon further review of Plaintiff's complaint, the Court finds the amount in controversy requirement of § 1332 is not met in this case. "The diversity statute requires that 'the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.'" *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

Here, Plaintiff alleges:

> WHEREBY, Plaintiff is seeking actual damages from the defendant in the amount of $8556.42 plus interest in the amount of $1,492.28 for all costs and fees associated with the transaction and Plaintiff is seeking $10,000 in punitive damages for financial distress, emotional distress, and time and resources spent in bringing forth this action.

(ECF No. 1, at PageID 4). This is less than the amount required by § 1332. "Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction." *Blaszczyk v. Darby*, 425 F.Supp.3d 841, 852 (E.D. Mich. Nov. 26, 2019) (citing *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998)).

Accordingly, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

<u>s/Sean F. Cox</u>
Sean F. Cox
United States District Judge

Dated: January 5, 2022