UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kimani Montoya,

    Plaintiff,

v.                                            Case No.: 2:21-cv-11978

Capital One, N.A.                             Honorable Sean F. Cox

    Defendant.
_____/

**<u>ORDER DENYING
REQUEST FOR FILING FEE REFUND</u>**

On August 25, 2021, Plaintiff filed a *pro se* civil complaint asserting subject matter jurisdiction through federal question jurisdiction pursuant to 28 U.S.C. § 1331. (ECF No. 1). Plaintiff did not apply to proceed *in forma pauperis*, but rather, on August 30, 2021, Plaintiff paid the filing fee of $402.00 to the Court. On January 5, 2022, the Court dismissed the case for lack of subject matter jurisdiction. (ECF No. 12). Specifically, the Court found that the amount in controversy did not meet requirements of 28 U.S.C. § 1331. (ECF No. 12).

On March 9, 2022, Plaintiff filed the matter currently before the Court: "Request for Filing Fee Refund." (ECF No. 13). In it, Plaintiff states "[d]ue to the original complaint being dismissed procedurally, the Plaintiff is requesting that court order that he be refunded by the clerk in the amount of $402.00." (ECF No. 13, at PageID 39).

The Judicial Conference of the United States "has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." *Rashada v. Gonzales*, 2007 WL 1795873,

1

at *1 (N.D. Oh. June 20, 2007) (quoting *Report of the Proceedings of the Judicial Conference of the United States*, Judicial Conference of the United States 11 (Mar. 15, 2005)). The "Conference's current policy regarding refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error, or the court dismissed the case or proceeding. *Id*. (quoting Memorandum from the Admin. Office of the U.S. Courts to Chief Judges, U.S. Dist. Courts (Apr. 7, 2006)).

Here, Plaintiff did not file this case in error. The fees were not collected without authority or as a result of an administrative error on the part of the clerk's office. As in *Rashada*, "Plaintiff fully intended the Court to rule upon the merits of [his] Complaint." *Rashada*, 2007 WL 1795873 at *1. This case did not proceed because the Court dismissed it for lack of jurisdiction. (ECF No. 12). "However, the Court cannot simply refund the filing fee every time a case is dismissed for failure to state a cause of action." *Rashada*, 2007 WL 1795873 at *1. Plaintiff has not provided the Court with any grounds to justify refunding his filing fee. *See Edwards v. New Jersey*, 2020 WL 5810571 at *3 (D. N.J. Sept. 30, 2020) ("Because Plaintiff's fees were not collected without authority or as a result of administrative error, the Court cannot refund Plaintiff's fees."); *Goins v. United States*, 2019 WL 3084244 at *2 (E.D. Tenn. July 15, 2019) (denying Petitioner's request for a refund of the appellate filing fee in § 2255 proceedings); *Thorpe v. Snyder County Domestic Relations Section*, 2005 WL 1155011, at *1 (M.D. Penn. Apr. 29, 2005) ("Unfortunately, no matter the stage of the litigation, filing fees are not refundable.").

Therefore, the Court **DENIES** Plaintiff's Request for a Filing Fee.

**IT IS SO ORDERED**.

2

Dated: March 29, 2022         s/Sean F. Cox
                              Sean F. Cox
                              U. S. District Judge

3